**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

MICHAEL GRIFFIN,

                Petitioner,     :          Case No. 1:25-cv-793

      - vs -                     District Judge Jeffery P. Hopkins
                                  Magistrate Judge Michael R. Merz

WARDEN,
  Chillicothe Correctional Institution,

                               :
           Respondent.

---

## DECISION AND ORDER

---

This habeas corpus case, brought *pro se* by Petitioner Michael Griffin, is before the Court on Petitioner's Motion to Expand the Record (ECF No. 9).  The Warden opposes the Motion (ECF No. 10), and Petitioner has filed a Reply Memorandum in Support (ECF No. 12).

Rule 7 of the Rules Governing § 2254 Cases authorizes the Court to expand the record by directing the parties to submit additional materials relating to the petition.  Petitioner asks the Court to add a document labeled State's Ex. 7J which he describes as an "authenticated Amazon Purchase History of the Petitioner." (ECF No. 9, PageID 875).  He asserts "This evidence is necessary for this Court to review in the adjudication of the Petitioners claim that his Constitutional right to Due Process was violated by the use of insufficient evidence." *Id.*  Challenged by Respondent as to the necessity of including this document, Petitioner responded:

> The Amazon Purchase History is relevant to Griffin's claim that he
> is held based upon insufficient evidence. Griffin claims the Amazon

1

> Purchase History led to testimony which was conjecture, so it stands
> to reason that this Court would need to review the document to
> compare it to the testimony of the detective in determining whether
> his testimony was conjecture in regards to the Amazon Purchase
> History.

(Reply Memorandum, ECF No. 12, PageID 906).

The Warden does not question the authenticity of the proposed addition as an exhibit authenticated at trial, admitted in evidence, and considered by the jury. The Assistant Attorney General notes, however, that is it not usual to include the trial exhibits in the State Court Record filed in these cases and that a copy of Exhibit 7J is not in the possession of either the Warden or the Attorney General's Office (Memorandum in Opposition, ECF No. 10).

## Analysis

Because the exhibit was part of the trial record and seen or available to be seen by the Ohio Twelfth District Court of Appeals on direct appeal, its addition to the record is not precluded by *Cullen v. Pinholster,* 563 U.S. 170 (2011). *Pinholster* bars a federal court "from admitting new evidence upon which to assess the reasonableness of a state court's constitutional analysis." *Upshaw v. Stephenson*, 97 F. 4th 365, 372 (6th Cir. 2024), quoting *Mitchell v. Genovese*, 974 F.3d 638, 647 (6th Cir. 2020).

Respondent correctly notes that while the Sixth Circuit requires District Courts to review the trial transcripts in habeas cases, it does not require us to review trial court exhibits. Properly storing such exhibits and maintaining the chain of custody would require extensive expansion of District Court storage capacity.[1] Adding a copy of the single document for which Petitioner

---

[1] Picture murder weapons and bloody clothing in capital cases which frequently last for decades.

contends does not present these difficulties.  The determinative question is whether the Court needs the document to properly decide the case.

The relevant habeas claim is Ground Two:

> **Ground Two**:  Griffin's right to due process was violated by the use of legally insufficient evidence.
>
> **Supporting Facts:**  The other act evidence which was a pending charge were unproven allegations which cannot support inferences. Detective McAllister [ ']s testimony in regards to the Amazon business record is not supported by the Amazon business record, which Griffin claims is conjecture.

(Petition, ECF No. 3, PageID 30).

Griffin presented this claim to the Twelfth District Court of Appeals which rejected it and affirmed his conviction.  *State v. Griffin*, 2025-Ohio-1403 (Ohio App. 12th Dist., Apr. 21, 2025). The Court has examined that decision and Griffin's brief on appeal (State Court Record, ECF No. 7, Ex. 10).  Having done so, the Court concludes there is no need to expand the record to include State's Ex. 7J.

Petitioner's Motion to Expand the Record is DENIED.

February 17, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

3