# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

MICHAEL GRIFFIN,

        Petitioner,    :        Case No. 1:25-cv-00793

   - vs -                  District Judge Jeffery P. Hopkins
                           Magistrate Judge Michael R. Merz

GARY GALLOWAY, WARDEN,
  Chillicothe Correctional Institution,

                          :
        Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This habeas corpus case, brought *pro se* by Petitioner Michael Griffin, is before the Court for decision on the merits on the Petition (ECF No. 3), the State Court Record (ECF No. 7), the Warden's Return of Writ (ECF No. 8), and Petitioner's Traverse (ECF No. 11). The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (Transfer Order, ECF No. 13).

**Litigation History**

On September 21, 2023, a Clermont County grand jury indicted Griffin on four counts of breaking and entering, four counts of safecracking, one count of grand theft, and two counts of theft (Indictment, State Court Record, ECF No. 7, Ex. 1). Griffin was convicted by a trial jury on

1

all counts and sentenced to eight years imprisonment (State Court Record, ECF No. 7, Exs. 4 & 5).

Griffin appealed to the Ohio Twelfth District Court of Appeals. After counsel had briefed the appeal, he was granted leave to withdraw at Griffin's request and Griffin proceeded *pro se.* On April 21, 2025, the Twelfth District affirmed the conviction. *State v. Griffin,* 2025-Ohio-1403 (Ohio App. 12th Dist. Apr. 21, 2025). After several unsuccessful attempts to obtain reconsideration at the intermediate appellate level, Griffin appealed to the Ohio Supreme Court which declined to exercise jurisdiction. *State v. Griffin*, 179 Ohio St. 3d 1491 (Sept. 30, 2025).

On February 21, 2025, Griffin filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 which was still pending when the State Court Record was filed here.

On November 3, 2025, Griffin filed his Petition in this Court, pleading the following grounds for relief:

> **Ground One:** A Pending Charge Cannot Be Used As Evidence and Using It Violated Griffins [sic] Right to Due Process.
>
> **Supporting Facts:** The trial court allowed the use of unproven allegations from a pending charge from another county as other act evidence to prove Griffin was guilty of the charges he was on trial for.
>
> **Ground Two:** Griffins [sic] Right to Due Process Was Violated By The Use of Legally Insufficient Evidence.
>
> **Supporting Facts:** The other act evidence which was a pending charge were unproven allegations which cannot support inferences. Detective McAllisters [sic] testimony in regards to the Amazon business record is not supported by the Amazon business record, which Griffin claims is conjecture.
>
> **Ground Three:** Griffin was denied The Right To Use The Fifth Amend. Privilege Against Self-Incrimination In A Matter He Is Not On Trial For. [sic]

2

> **Supporting Facts**: The trial court denied Griffin the right to plead the Fifth Amend. in regards to a matter he was not on trial for and stated he had to answer questions about that matter and stated the answers he gave could be used to prosecute him in that matter.

(Petition, ECF No. 3, PageID 28-31).

Petitioner sought to expand the record with the Amazon business record referenced in Ground Two, but the Court decided that document was not necessary to decide the case (Decision and Order, ECF No. 14).

## Analysis

### Ground One:  Improper Use of Other Act Evidence

In his First Ground for Relief, Griffin asserts he stands convicted on improperly introduced evidence of other bad acts, to wit, testimony about a breaking and entering charge against him in Hamilton County.

Respondent asserts this claim is procedurally defaulted because Griffin's counsel made no objection at trial (Return, ECF No. 8, PageID 854-56).  In his Reply, Griffin makes no response to this argument, although he argues this Ground for Relief at length.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Under Ohio law, if an appellant could have made an objection to a ruling at trial but failed to do so, the appellant has waived appellate review of the challenge. *State v. Murphy*, 91 Ohio St. 3d 516, 2001 Ohio 112, 747 N.E.2d 765, 788 (Ohio 2001). Ohio has a long-standing and consistently enforced contemporaneous objection rule prohibiting the review on the merits of a claim when no objection was made at trial. *State v. Murphy*, 91 Ohio St. 3d 516, 532 ("The waiver rule requires that a party make a contemporaneous objection to alleged trial error in order to preserve that error for appellate review. The rule is of long standing, and it goes to the heart of an adversary system of justice.").

If an arguable trial error is not objected to when it happens, a defendant has waived all but a plain error review on appeal. Ohio R.Crim. P. 52; *State v. Mason*, 82 Ohio St. 3d 144, 162 (1998). The purpose of the rule is to allow correction at the trial court level before the error infects the verdict. States have a very strong interest in the contemporaneous objection rule. *Scott v. Mitchell,*

4

209 F.3d 854 (6th Cir. 2000), quoting extensively from *Wainwright v. Sykes*, 433 U.S. 72, 88-90 (1977).  Ohio's contemporaneous objection rule is an adequate and independent state ground of decision.  *Hinkle v. Randle,* 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982).

An Ohio state appellate court's review for plain error, which occurred in this case, is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).

Plain error review is not equivalent to a review on the merits and does not constitute a waiver of state procedural default rules. Thus, plain error review by a state appellate court does not open a claim to consideration on federal habeas when the state court rests its decision on a procedural bar—e.g., the contemporaneous objection rule. *See, Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), (quoting *Harris v. Reed*, 489 U.S. 255, 257 (1989); *Seymour v. Walker*, 224 F.3d 542, (6th Cir. 2000); *Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989).

In this case Griffin's trial counsel made no contemporaneous objection and the Twelfth District reviewed only on a plain error basis.  *State v. Griffin, supra,* at ¶ 11.  Griffin has offered no excusing cause and prejudice and accordingly his First Ground for Relief should be dismissed as procedurally defaulted.

Reviewing this claim for plain error, the Twelfth District held:

> {¶ 15} In this case, the other-acts evidence from the Hamilton County offense was properly admissible under Evid.R. 404(B) to establish Griffin's identity as the offender in the Clermont County offenses, as there were key similarities constituting a modus operandi. Modus operandi evidence refers to "signature, fingerprint-like characteristics unique enough 'to show that the crimes were

committed by the same person.' " *Hartman* at ¶ 37, quoting Weissenberger, *Federal Evidence*, Section 404.17 (7th Ed.2019).

{¶ 16} Griffin does not dispute that the offenses committed in Clermont County and Hamilton County were virtually identical. Instead, he argues that the other-acts evidence from Hamilton County should not have been admissible because he had not yet stood trial for that offense and therefore was entitled to a presumption of innocence. However, this argument is without merit, as other-acts evidence does not require a conviction to be admissible. Evid.R. 404(B) clearly states that other "crimes" or "wrongs" may be admissible for a permissible purpose. As this court has stated previously, "[o]ther-acts evidence need be proved only by substantial proof, not proof beyond a reasonable doubt." *State v. Hignite*, 2015-Ohio-5204, ¶ 18 (12th Dist.). Indeed, other-acts evidence can be admitted even if the accused was acquitted of the charge constituting the other-acts evidence. *State v. Smith*, 2018-Ohio-4615, ¶ 14 (1st Dist.).

{¶ 17} Here, the evidence regarding the Hamilton County offense was both relevant and introduced for a purpose other than propensity, i.e., identity. In addition, although the other-acts evidence was certainly unfavorable to Griffin, it possessed a high probative value that was not substantially outweighed by a risk of unfair prejudice. *See State v. Barahona-Lara*, 2024-Ohio-3048, ¶ 53 (12th Dist.)("[U]nfavorable evidence is not equivalent to unfairly prejudicial evidence.")

{¶ 18} Finally, we note the record reflects that the trial court took steps to minimize the danger of unfair prejudice and to ensure that the evidence was considered only for its proper purpose. As the supreme court has held, "an appropriate jury instruction geared toward the specific purpose for which the evidence has been admitted will help reduce the risk of confusion and unfair prejudice." *Hartman*, 2020-Ohio-4440 at ¶ 34. In this case, the trial court provided a limiting instruction to the jury, clarifying that the evidence was admissible solely for the purpose of establishing identity and not for proving Griffin's character. It is well established that a jury is presumed to follow and comply with instructions given by the trial court. *Hignite* at ¶ 20. Accordingly, there was no error, plain or otherwise, in the admission of the other-acts evidence, and Griffin's second assignment of error is overruled.

*State v. Griffin, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a

6

federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000); *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018).  This is true even if the state decision is on plain error review.  *Fleming v. Metrish*, 556 F.3d 520, 532 (6th Cir. 2009); *Kittka v. Franks*, 539 Fed. Appx. 668, 672 (6th Cir. 2013); *Bond v. McQuiggan*, 506 Fed. Appx. 493, 498 n. 2 (6th Cir. 2013); *Stojetz v. Ishee*, 2014 U.S. Dist. LEXIS 137501 *231 (S.D. Ohio Sept. 24, 2014)(Frost, D.J.).

Griffin argues that admitting evidence of what was at the time a pending charge in Hamilton County into the trial of these Clermont County cases went beyond the jurisdiction of the Clermont County Court of Common Pleas and interfered with his presumption of innocence in the Hamilton County case.  Not so.  The Clermont County court did not purport to exercise jurisdiction over the Hamilton County case.  It merely allowed testimony about the facts of that case for the purpose of proving identity through modus operandi which is clearly permissible under Ohio rules of evidence.  See Ojhio R. Evid. 404(B)(2).  Griffin presents no Supreme Court precedent questioning this evidentiary ruling.  And whenever the Hamilton County case came on for trial, if it did, the fact that its facts had been used to prove identity in the Clermont County case could not have been used to overcome Griffin's presumption of innocence.  There is no relevant Supreme Court precedent known to the undersigned which calls this ruling into question on a constitutional basis.  In addition to being procedurally defaulted, Griffin's First Ground for Relief is without merit.

**Ground Two: Conviction on Insufficient Evidence**

In his Second Ground for Relief, Griffin claims he was convicted on constitutionally insufficient evidence. He presented this claim to the Twelfth District Court of Appeals on direct appeal and that court decided the question as follows:

> ¶ 20} In his first assignment of error, Griffin alleges that his convictions are not supported by sufficient evidence. He argues that there was impermissible inference stacking, particularly with respect to his Amazon purchase history to link him to the crimes. Griffin also argues that the other-acts evidence is not sufficient evidence to support his conviction, again, because he was entitled to a presumption of innocence.
>
> {¶ 21} It is well settled that to warrant a conviction, the evidence must establish beyond a reasonable doubt the identity of the accused as the person who committed the crime at issue. *State v. Hibbard*, 2023-Ohio-983, ¶ 20 (12th Dist.). The identity of the accused as the perpetrator of the crime may be established by direct or circumstantial evidence. *Id.* Circumstantial and direct evidence have the same probative value. *State v. Lee*, 2021-Ohio-2544, ¶ 25 (12th Dist.).
>
> {¶ 22} Whether the evidence presented at trial is legally sufficient to sustain a verdict is a question of law. *State v. Grinstead*, 2011-Ohio-3018, ¶ 10 (12th Dist.). When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Paul*, 2012-Ohio-3205, ¶ 9 (12th Dist.). Therefore, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Marshall*, 2024-Ohio-4445, ¶ 45 (12th Dist.).
>
> {¶ 23} "Impermissible inference stacking" involves drawing an inference based entirely upon another inference, unsupported by any additional facts or another inference derived from facts. *State v. Everhart*, 2020-Ohio-4948, ¶ 17 (12th Dist.). The rule is "extremely

8

limited" and does not prohibit drawing parallel inferences in combination with additional facts or drawing multiple, separate inferences from the same facts. *State v. Braden*, 2014-Ohio-3385, ¶ 12-13 (12th Dist.).

{¶ 24} Following review, we find that the jury was not required to impermissibly stack inferences to find Griffin guilty. The state presented evidence that a man fitting Griffin's description committed a series of break-ins using the same modus operandi. **The man wore dark clothing, a balaclava face mask, a hat, and used a yellow circular saw with a red blade to carry out the offenses in an identical manner.**

{¶ 25} The suspect evaded capture for several months; however, law enforcement eventually identified Griffin as a prime suspect. Authorities obtained evidence that Griffin made multiple purchases from Amazon for items consistent with those used or worn during the offenses. These purchases included Crysully pants, a balaclava face mask, and a matching backpack. He also bought saw blades compatible with the circular saw and parts for the electric scooter. Moreover, as previously discussed, other-acts evidence related to the Hamilton County offense was properly admissible to identify Griffin through his modus operandi. From this evidence, the jury could reasonably infer that Griffin was the individual responsible. Griffin's arguments that the jury engaged in impermissible inference stacking are without merit. Accordingly, we find that Griffin's convictions are supported by sufficient evidence, and his first assignment of error is overruled.

*State v. Griffin, supra.* (emphasis supplied)

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a

> reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). When reviewing a claim for sufficient

10

evidence, a federal habeas court must apply a twice-deferential standard." *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam).

In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam). The federal courts do not make credibility determinations in reviewing sufficiency of the evidence claims. *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

"To evaluate a sufficiency-of-the-evidence claim, we consider 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by

11

state law." *Id*. (quoting *Jackson*, 443 U.S. at 324)."

In this case the critical element of the crimes in question at trial was the identity of the perpetrator. From the description of the crime provided by the Twelfth District, that was the key issue. While there was no eyewitness[1] to say positively Griffin was the perpetrator, there was video evidence to prove facts related to identity: from the video it was possible to identify the colors and types of clothing worn and of the criminal tools used. The video also demonstrated several elements of the modus operandi: method of entry, target of attack (ATM machine), method of attack on the ATM machine (circular saw with red blade) and mode of escape transportation (electric scooter). Griffin does not dispute several items of identity accepted as proven by the video – gender and build. He points out that two other men were identified as having been in the vicinity of one of the offenses near the time of the offense. However, he himself did not offer what would have been an ironclad proof of non-identity: a corroborated alibi showing he was somewhere else at the time of the offenses.

As the Twelfth District found, Griffin had made purchases from Amazon "consistent with those used or worn during the offenses." Griffin sought to expand the record to include the exhibit the State had obtained from Amazon about his purchase history. The undersigned determined that was unnecessary because Griffin does not claim the purchase history shows details inconsistent with the videos. Rather he claims that the exhibit does not show detail such as the color of items. He asserts this proves that testimony about the details of those items is "conjecture." Not so. The purchase history descriptions were found to be consistent with the videos, not identical. Without

---

[1] Widespread popular confidence in direct eyewitness identification is not always warranted. Of the first three hundred Americans whose convictions were overturned when DNA exonerated them, a substantial majority had been misidentified by eyewitnesses. In each of those cases, the beyond a reasonable doubt standard had been applied. BRANDON L. GARRETT, CONVICTING THE INNOCENT: WHERE CRIMINAL PROSECUTIONS GO WRONG (2012).

proof that Amazon described them as having a different color or otherwise differed in description or perhaps that Amazon usually includes color descriptions, the actual purchase history document would add nothing.

Griffin relies heavily on comparing his case with *Newman v. Metrish*, 543 F.3d 793 (6th Cir. 2008). In a divided opinion[2], the court held there was neither direct nor circumstantial evidence placing the petitioner at the scene of the crime.[3] It therefore affirmed the grant of the writ by the District Court. It noted that in a case where there is only circumstantial evidence it is especially challenging to apply the *Jackson v. Virginia* standard, and "even more so when that evidence supports a host of permissible inferences." It noted that there was evidence a firearm similar to the murder weapon had been seen in Newman's possession several weeks before the murder, but no account of what had happened with it in between. It also noted Newman had presented several alibi witnesses at trial. As a general rule for evaluating circumstantial evidence cases, it held "although the [circumstantial] evidence need not exclude every reasonable hypothesis except that of guilt, it must be enough for any rational trier of fact to have found proof of guilt beyond a reasonable doubt." 543 F.3d at 797.

Important factual findings distinguish this case from *Newman*. In that case, there was only one crime whose perpetrator needed to be identified. In this case there are five – the four in Clermont County and the remarkably similar one in Hamilton County. In this case there are five substantially identical crimes from which to draw inferences about identity. For example, from how many break-ins is there good video evidence of an electric scooter used to get away?

Newman offered substantial alibi evidence, but Griffin has offered none. It is common

---

[2] Judge (now Chief Judge) Sutton dissented, finding there was ample evidence to support the conviction.
[3] *Newman* was a murder case. Those cases always have one eyewitness who is unavailable to testify, the victim.

13

knowledge that police routinely use good alibi evidence to exclude persons otherwise of interest. Did Petitioner have no evidence he was elsewhere for any of these five crimes?

Griffin does not explain what he means by "stacking" inferences, but the Twelfth District's opinion shows the evidence presented parallel inferences: how likely is it that different men whose build fits surveillance videos would use such an identical modus operandi to break in to five convenience stores in a relatively short period of time and geographical area and have no alibi?

The conclusion of the Twelfth District that the jury's conclusion on identity was adequate is entitled to deference because it is a reasonable determination based on the evidence presented. Griffin's second ground for relief should be dismissed on the merits.

**Ground Three:  Violation of Privilege Against Self-Incrimination**

In his Third Ground for Relief, Griffin claims his Fifth Amendment privilege against self-incrimination was violated when the Common Pleas Court would not let him testify in his own defense while protecting him from cross-examination.

Griffin raised this claim on direct appeal and the Twelfth District decided it as follows:

> {¶ 27} In his third assignment of error, Griffin contends that his Fifth Amendment right against self-incrimination was violated because the trial court did not allow him to take the stand and avoid cross-examination on the Hamilton County offense. However, it is well established that criminal defendants who voluntarily take the stand in their own defense voluntarily subject themselves to cross-examination. *State v. Roten*, 2002-Ohio-4488, ¶ 12 (12th Dist.); *State v. Madison*, 2020-Ohio-3735, ¶ 125 ("A defendant has no right to set forth to the jury all the facts which tend in his favor without laying himself open to a cross-examination upon those facts."). In this case, Griffin was not entitled to restrict the state's cross-examination regarding the Hamilton County offense. After learning that he would not be entitled to restrict the scope of the state's cross-examination, Griffin invoked his right not to testify.

> Accordingly, there was no violation of his Fifth Amendment right against self-incrimination. Griffin's third assignment of error is overruled.

*State v. Griffin, supra.*

Because the Twelfth District decided this claim on the merits, Griffin can prevail in habeas only if he shows the Twelfth District's decision was an objectively unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

Griffin first cites *Thompson v. Whitman,* 85 U.S. 457, 467 (1873), holding that a court without jurisdiction, whether subject matter or personal, cannot lawfully act in a case. That certainly remains good law, but the authority supports what was done here. There is no doubt that the Clermont County Court of Common Pleas had subject matter jurisdiction over the felony crimes on which Griffin was indicted in that county and personal jurisdiction over Griffin himself. The decision of which Griffin complains – a holding that if he voluntarily took the stand to defend himself on those Clermont County charges, he would subject himself to cross-examination which could include anything he said about the Hamilton County charges – was a decision the Clermont County judge made in a case properly pending before him. Whether that decision was correct or incorrect is not determined by the fact that he had no subject matter jurisdiction over the Hamilton County case. He did not purport to make a decision binding in the Hamilton County case. If Griffin had taken the stand and made admissions relating to the Hamilton County case, it would have been up to the trial judge in that case to decide whether the admissions were admissible or whether they should be excluded to protect Griffin's claim of privilege.

Griffin next relies on *Lefkowitz v. Turley*, 414 U.S. 70 (1973). In that case four New York statutes required "public contracts to provide that if a contractor refuses to waive immunity or to answer questions when called to testify concerning his contracts with the State or any of its

15

subdivisions, his existing contracts may be canceled and he shall be disqualified from further transactions with the State for five years." *Id.* at 71. The Supreme Court upheld the lower court decision that these statutes were unconstitutional because they compelled testimony which could be incriminating. But nothing in the decision holds that a person may voluntarily decide to testify and then limit cross-examination.

Griffin was not compelled to testify at all. He chose not to for the same reason most defendants choose not to testify: it exposes them to cross-examination on their testimony. The Fifth Amendment does not give a defendant the privilege of choosing to put favorable testimony before a jury but then keeping to themselves the facts that would be revealed by proper cross-examination.

When a habeas court decides whether a state decision is contrary to Supreme Court decisions, it is the holdings of those cases which count, not dicta. Only holdings of the Supreme Court, not dicta in its opinions, can warrant habeas corpus relief. *Bryan v. Bobby*, 843 F.3d 1099 (6th Cir. 2016), citing *White v. Woodall*, 572 U.S. 415 (2014).

> In analyzing whether a state-court decision is contrary to or an unreasonable application of federal law, we look only to clearly established Supreme Court precedent that existed when the state court rendered its decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state-court decision is contrary to that precedent if the state court's reasoning or result contradicts that precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002). And the state court unreasonably applies clearly established law when it correctly identifies the governing legal rule but applies it unreasonably to the facts. *White v. Woodall*, 572 U.S. 415, 426 (2014). The application must have been "objectively unreasonable" such that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 419–420 (quoting *Harrington*, 562 U.S. at 103).

*Coleman v. Bradshaw*, 974 F. 3d 710, 716 (6th Cir. 2020). "Federal law is clearly established only

16

when it is embodied in a holding of the Supreme Court; dicta does not count." *Jones v. Bell*, 801 F.3d 556, 564 (6th Cir. 2015) (quoting *Thaler v. Haynes*, 559 U.S. 43, 47 (2010)) (quotation marks omitted).

Griffin has not shown that the Twelfth District's decision on his privilege claim is contrary to any Supreme Court holding.  Ground Three should be dismissed as without merit.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 25, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.