**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

MICHAEL GRIFFIN,

        Petitioner,    :        Case No. 1:25-cv-00793

   - vs -                        District Judge Jeffery P. Hopkins
                                  Magistrate Judge Michael R. Merz

GARY GALLOWAY, WARDEN,
  Chillicothe Correctional Institution,

                             :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Michael Griffin, is before the Court on Petitioner's Objections (ECF No. 19) to the Magistrate Judge's Report and Recommendations recommending dismissal (the "Report," ECF No. 16). District Judge Hopkins has recommitted the case for reconsideration in light of the Objections (ECF No. 20).

Griffin was indicted in Clermont County Clermont County on four counts of breaking and entering, four counts of safecracking, one count of grand theft, and two counts of theft (Indictment, State Court Record, ECF No. 7, Ex. 1). A jury convicted him on all four counts and he was sentenced to eight years imprisonment. After he exhausted available Ohio state court remedies, he brought this habeas corpus action pleading three grounds for relief:

> **Ground One:** A Pending Charge Cannot Be Used As Evidence and Using It Violated Griffins [sic] Right to Due Process.

1

**Supporting Facts:** The trial court allowed the use of unproven allegations from a pending charge from another county as other act evidence to prove Griffin was guilty of the charges he was on trial for.

**Ground Two:** Griffins [sic] Right to Due Process Was Violated By The Use of Legally Insufficient Evidence.

**Supporting Facts:** The other act evidence which was a pending charge were unproven allegations which cannot support inferences. Detective McAllisters [sic] testimony in regards to the Amazon business record is not supported by the Amazon business record, which Griffin claims is conjecture.

**Ground Three:** Griffin was denied The Right To Use The Fifth Amend. Privilege Against Self-Incrimination In A Matter He Is Not On Trial For. [sic]

**Supporting Facts**: The trial court denied Griffin the right to plead the Fifth Amend. in regards to a matter he was not on trial for and stated he had to answer questions about that matter and stated the answers he gave could be used to prosecute him in that matter.

(Petition, ECF No. 3, PageID 28-31).

**Ground One:  Improper Use of Other Act Evidence**

In his First Ground for Relief, Griffin asserts he stands convicted on improperly introduced evidence of other bad acts, to wit, testimony about a breaking and entering charge against him in Hamilton County.

The Report concluded this Ground for Relief was procedurally defaulted because Griffin's trial counsel made no objection (Report, ECF No. 16, PageID 916-18).  Griffin objects, asserting the State "waived/forfeited its procedural default defense"  (Objections, ECF No. 19, PageID 932).

To the contrary, the State did raise procedural default as a defense in this habeas corpus case.  In the Return of Writ, the State's trial attorney argued procedural default at some length,

including explicit reference to the failure of Griffin's trial attorney to object to this evidence at trial and the appellate court's review only for plain error (Return, ECF No. 8, PageID 854).

Griffin next objects that neither the Ohio appellate court nor the Magistrate Judge's Report addresses his claim that his due process rights were violated by using evidence from his Hamilton County case against him in this case (Objections, ECF No. 19, PageID 933, relying on *State v. Buchanan*, 2009 -Ohio-6042 (Ohio App. 12th Dist. Nov. 16, 2009)).

The Indictment in this case charges four criminal acts of breaking into ATM machines inside closed businesses.  Video surveillance showed remarkably similar conduct in all four cases including clothing and method of committing the crimes.  The issue was identity.  To prove Griffin was the perpetrator, the State offered eyewitness testimony from the arresting officer in a Hamilton County case which featured the same *modus operandi*.  Having arrested Griffin in the course of his crime, the officer was able to identify Griffin as the person who committed the remarkably similar crime in Hamilton County shortly after the crimes in Clermont County, which is adjacent to Hamilton County[1].

In *Buchanan*, the defendant was charged with rape of a minor.  At trial the State introduced evidence that there was a pending public indecency case against Buchanan in Massachusetts which involved public urination.  The Twelfth District Court of Appeals held this was improper propensity (character) evidence which should have been excluded under Ohio R. Evid 404(B). *Buchanan* at ¶ 53.  It noted that the testimony was not introduced to show identity.  *Id.*

*Buchanan* is thus a case decided under Ohio evidence law, not federal constitutional law. Neither *Buchanan* nor any federal case authority known to the undersigned holds that evidence of the sort complained of here is inadmissible under the federal Constitution's Due Process Clause.

---

2 If necessary, the Magistrate Judge takes judicial notice of the adjacency of these two Ohio counties.  Because this is a fact subject to judicial notice, the jury would have known it whether or not there was testimony to that effect.

Even if the Court of Appeals had found admission of this testimony violated Ohio evidence law, that would not make its admission unconstitutional. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). Whether or not Griffin was ever convicted in the Hamilton County case is immaterial because it is not the conviction or acquittal in that case which makes the similarity of the behavior relevant to show identity.

**Ground Two:  Conviction Upon Insufficient Evidence**

In his Second Ground for Relief, Griffin claims his conviction is not supported by sufficient evidence.

The Report recognized that this was a cognizable Fourteenth Amendment Due Process claim and that the constitutional test was

> whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979),  However the Twelfth District had held there was sufficient evidence to support the conviction:  surveillance video showing virtually identical *modus operandii* in the Clermont County cases plus eyewitness identification by the arresting officer of Griffin as the man who used a virtually identical modus operandi in the Hamilton County case.

Griffin accused the State of "stacking" inferences, but the Twelfth District explained correctly that the case involves parallel, not stacking inferences. *State v. Griffin* at ¶¶ 23-24.

Ultimately the Report found that the Twelfth District's conclusion that there was sufficient

4

evidence was entitled to deference under 28 U.S.C. ¶ 2254(d).  On the issue of identity, the only real issue for trial, the Report notes that Griffin could have effectively rebutted the inference of identity if he had presented an alibi for any one of the occasions in question.  Griffin objects that this somehow undermines the presumption of innocence and forces Griffin to speak.  Every criminal defendant begins trial presumed to be innocent; the State must overcome that presumption with proof beyond a reasonable doubt.   The presumption never goes away, but the State has to overcome it with evidence.   When the State has presented sufficient evidence to convict, a defendant must decide whether to give up his right to remain silent and testify or at least present evidence from others.  It is not a matter of shifting the burden of proof to the defendant – that never happens.  A defendant always has the option of attempting or not attempting to rebut the State's case.  But when the issue is the identity of a person at four particular times and places, the fact that the defendant offers no evidence of being at some other place at the time may be held against him by the jury.

Griffin objects:

> The Magistrate's Report and Recommendation appears to be of the mind state that legally insufficient evidence is sufficient as evidence simply because it was offered for an admissible purpose under Evid.R. 404(B) and that this is an acceptable way to circumvent Griffin's constitutional Presumption of Innocence.

(Objections, ECF No. 19, PageID 944).  That is not a correct understanding of the Report. Admissibility of the Hamilton County testimony is indeed a separate issue from sufficiency and they are treated separately in the Report.  But once the Hamilton County testimony was admitted, the jury was entitled to consider it along with all the other evidence – particularly the video surveillance recordings of the Clermont County crimes – to conclude that Griffin was the perpetrator in Clermont County.

5

**Ground Three:  Violation of the Privilege Against Self-Incrimination**

In his Third Ground for Relief, Griffin claims his right not to incriminate himself was violated when the judge warned him that if he took the stand in his own defense, he would be subject to cross-examination, which could include questions about the Hamilton County offense which he could not avoid by invoking his Fifth Amendment privilege against self-incrimination.

The Report notes that the Twelfth District decided this constitutional claim against Griffin and its decision was entitled to deference unless Griffin showed it was an objectively unreasonable application of Supreme Court precedent.  The Report then discusses the Supreme Court authority Griffin cites and concluded it would not protect him from cross examination in the Clermont County trial about the Hamilton County case.

In his Objections, Griffin doubles down in his reliance on *Lefkowitz v. Turley*, 414 U.S. 70 (1973) (Objections, ECF No. 19, PageID 948).  In that case a group of architects challenged a New York statute which required them, as a condition of receiving government contracts, to waive their immunity and testify when called to do so about any contracts they had with the State or any of its subdivisions.  The Supreme Court upheld a lower court declaration that the statute was an unconstitutional invasion of the privilege because it compelled testimony with a waiver of the privilege under substantial economic penalty.

That is not what happened here.  Instead, the trial judge warned Griffin that if he voluntarily testified, he would by that act give up his privilege against self-incrimination and could be compelled to answer questions on cross-examination that might incriminate him.  This gave Griffin the chance to make decision about taking the stand which was informed by a legal explanation of

6

what the consequences might be.  The judge did not purport to make a decision in the Hamilton County case, but merely to warn Griffin of what the Hamilton County judge would likely decide. Cross examination would not be limited to the facts of the Clermont County cases.  This is the reason criminal defendants with prior felony convictions frequently do not take the witness stand at their trials:  cross-examination about their character can logically include questions about prior felony convictions which is likely to be weighed by the jury against them.  Although Griffin was not on trial in Clermont County for the Hamilton County offense, if he had taken the witness stand voluntarily, he would have put his credibility in issue (as every witness does) and questions about what happened in the virtually identical crime in Hamilton County would have been fair game.

There is simply no Supreme Court authority cited by Griffin or known to the Court which holds a witness can voluntarily take the stand and then invoke his Fifth Amendment privilege in the circumstances presented here.

**Conclusion**

Having re-examined the case in light of Griffin's Objections, the Magistrate Judge adheres to his prior recommendation that the Petition be dismissed with prejudice, that Griffin be denied a certificate of appealability, and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous.

April 8, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

7

8

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #